IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW PASQUALE CHAFFER,

    Petitioner,               No. CIV S-06-0950 LKK EFB P

    vs.

K. PROSPER, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner claims that at the time of trial, his attorney also represented prosecution witnesses, creating a conflict of interest amounting to a denial of counsel. Also, he seems to claim that enhancing his sentence based on a finding that he inflicted great bodily injury violates the double jeopardy clause of the Fifth Amendment because an element of the offense of which he was convicted is the infliction of minor or serious injury. Respondent moves to dismiss this action as untimely and for failure to exhaust available state remedies with respect to several claims. The California Supreme Court denied petitioner's application for a writ of habeas corpus, which was pending when this action was commenced. This decision mooted the dispute over exhaustion. Accordingly, the court addresses below only the question of timeliness and finds that the federal petition is untimely.

## I.     Facts

On September 30, 2002, petitioner was convicted of two counts of corporal injury to a spouse and sentenced to eight years in prison. Lodged Doc. 1. Petitioner appealed, and the conviction was affirmed on September 2, 2003. Lodged Doc. 2. He filed a petition for review in the California Supreme Court. That petition was denied on November 25, 2003. Lodged Docs. 3, 4. On February 17, 2005,[1] petitioner filed a petition for a writ of habeas corpus in the trial court. Lodged Doc. 5. The court denied relief on the merits on June 15, 2005. Lodged Doc. 6. Petitioner filed a petition for a writ of habeas corpus in the appellate court on October 9, 2005. That court summarily denied relief October 27, 2005. On February 6, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which summarily denied relief on October 25, 2006. Lodged Doc. 9; Docket No. 19. Petitioner filed his federal habeas petition on April 27, 2006.

## II.    Standards

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The judgment on direct review becomes final when the 90 day limit for filing a petition for certiorari expires. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).

A properly filed state post conviction application tolls the statute of limitations. 28 U.S.C.§ 2244(d)(2). An untimely state post conviction application is not properly filed. *Pace v.*

---

[1] Respondent's tolling calculation uses the dates petitioner signed the proof of service on his state-court petitions. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (notice of appeal by *pro se* litigant deemed filed when the prisoner delivers it to prison authorities for delivery to the court; *see also Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002) (using mailbox rule to calculate tolling). The court likewise relies on the mailbox rule.

*DiGugliemo*, 544 U.S. 408, 414 (2005).  California has no clear rule governing the time for filing post-conviction motions.  Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'"  *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993) (habeas petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim.").  Accordingly, in California, a properly filed post-conviction application is "pending" during reasonable intervals between a lower court decision and filing a new petition in a higher court for "one full round" of state habeas review while the prisoner exhausts available state remedies.  *Saffold*, 536 U.S. at 223.  In the absence of clear direction or explanation about the term "reasonable time," federal courts rely heavily on the state courts' findings in each particular case where a timeliness problem arises.  If a California court denies a petition as untimely, then the federal court is bound by that determination.  *Evans v. Chavis*, 546 U.S. 189, ___, 126 S.Ct. 846, 852 (2006).  However, if the state court gives no guidance, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."  *Chavis*, 546 U.S. at ___, 126 S.Ct. at 852.  Federal courts ordinarily should consider a delay of up 60 days between a lower court's adverse decision and the filing of a petition in a higher court to be reasonable, and should allow tolling of the limitation period for that time.  *Chavis*, 546 U.S. at ___, 126 S.Ct. at 854 (suggesting that, in the absence of guidance from the state court's decision, 60 days is the outer limit of reasonableness).

**III.   Analysis**

Affording petitioner 90 days from November 25, 2003, when the California Supreme Court denied his petition for review, petitioner's conviction was final on February 23, 2004. He therefore had until February 22, 2005, to file a federal habeas petition.  Absent tolling, petitioner's April 27, 2006, petition is  more than one year and two months late.  Respondent

concedes that the petition submitted to the trial court on February 17, 2005, tolls the limitation period until that court denied relief on June 15, 2006. However, he contends that the 115 days (almost four months) between the trial court's denial and petitioner's filing a habeas petition in the appellate court is unreasonable under California law, and therefore the petition in the appellate court was not "properly filed" for purposes of 28 U.S.C. § 2244 (d)(2).

Crucial to the outcome of this motion are the burdens of proof under federal law and under state law. Once a respondent places a petitioner on notice that a federal petition is subject to dismissal as untimely, petitioner has the burden of demonstrating he is entitled to tolling. *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002). California law places on a petitioner the burden of initially demonstrating that a petition is filed with in a reasonable time. *In re Clark*, 21 Cal.Rptr.2d 509, 518 (Cal. 1993). Here, the appellate court denied petitioner's habeas application without comment or citation. Lodged Doc. 8. Therefore, the court is left with the unenviable task of divining the "uncertain scope of California's 'reasonable time' standard" with respect to this case. *Chavis*, 546 U.S. at __, 126 S.Ct. at 853.

Simply stated, a California prisoner must file a habeas petition "within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." *In re Harris*, 855 P.2d 391, 398, fn. 7 (Cal. 1993). Respondent candidly admits, and the court concludes from independent research, that no California court has lent any precision to the term a "reasonable time."[2] Motion at 6.

---

[2] Respondent suggests that this is so for two reasons. First, given California's original writ system, courts "need not evaluate whether a prisoner was timely in proceeding from the lower court to the appellate court." Motion at 6. The court finds this suggestion specious at best. The California Supreme Court emphasizes the need for prompt filing and determination of habeas petitions. Habeas is an extraordinary remedy challenging a presumptively valid judgment in which the state has an interest in finality and the prompt implementation of its laws. *In re Clark*, 21 Cal.Rptr.2d 509, 517-18 (Cal. 1993). Judicially crafted procedures govern habeas corpus in order to "deter use of the writ to unjustifiably delay implementation of the law, and to avoid the need to set aside final judgments of conviction when retrial would be difficult or impossible." *Clark*, 21 Cal.Rptr.2d at 518. Second, respondent asserts that the ordinary practice when a court believes that a petitioner has delayed for an unreasonable amount of time, the court denies the petition "summarily without a reasoned opinion." Motion at 6. Respondent relies on

Respondent proposes examining California law with respect to filing a notice of appeal in other contexts in order to give meaning to this term. Motion at 6. This proposal is attractive since, as a matter of federal law, California's original writ system functions essentially as an appeal system insofar as a petitioner generally should file first in the trial court and proceed in an orderly fashion to the California Supreme Court. *Saffold*, 536 U.S. at 222-23. Furthermore, the United States Supreme Court found that the unexplained six-month delay in *Chavis* was "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court" under Rule 28(e)(1) of the California Rules of Appellate Practice. But the Court in *Chavis* also looked to the time limits for post-conviction appeals in other states, a closer analogy than direct appeal of the judgment, given the nature of a post-conviction challenge. Furthermore, this court has found no case in which the California courts look to the appellate rules in order to decide the timeliness of a habeas petition. Rather, the California Supreme Court has suggested that given the unique nature of habeas, appellate practice should not serve as a guide for habeas practice. *See Clark*, 21 Cal.Rptr.2d at 539 (because habeas strikes at a final judgment, court would not apply the standard used to set aside judgments on appeal as excusing delay in seeking habeas relief). With that guidepost in mind, it is not appropriate for this court to give meaning to the timeliness rule on habeas by reference to California's appellate time limits. That would be plainly contrary to the directive in *Chavis* that the lower federal courts must determine reasonableness as would California's courts. *Chavis*, 546 U.S. at __, 126 S.Ct. at 852. Thus, this court looks to the precedent that binds California's courts.

    A California prisoner must file a habeas petition "within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." *In re Harris*, 855 P.2d 391, 398, fn. 7 (Cal. 1993).

---

*People v. Romero*, 883 P.2d 388, 391 (Cal. 1994), for this latter proposition, but the rule is not stated in *Romero*. It does appear, however, in *In re Clark*, 21 Cal.Rptr.2d 509, 541 (Cal. 1993).

If he does not, then he must articulate specific reasons to justify substantial delay. *In re Gallego*, 77 Cal.Rptr.2d 132, 141 (Cal. 1998); *In re Robbins*, 77 Cal.Rptr.2d 153, 159-60 (Cal. 1998); *In re Stankewitz*, 220 Cal.Rptr. 382, 384, fn. 1 (Cal. 1986); *Ex parte Swain*, 209 F.2d 793, 795 (Cal. 1949). If he cannot justify the delay, then a court may reach the merits only if the petitioner asserts facts demonstrating that a "fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." *Clark*, 21 Cal.Rptr.2d at 540.

With respect to determining what constitutes a "reasonable time," the California Supreme Court specifically has stated that "[t]his rule cannot fairly be analogized to a statute of limitations," and has rejected the idea of precision because, "[n]o reason beyond the benefit of uniformity of analysis is proffered for adopting" a scheme which lends predictability to the time for filing a habeas petition. *Clark*, 21 Cal.Rptr.2d at 539. Accordingly, California courts measure delay in filing a habeas petition from the time petitioner becomes aware of the grounds for relief, which could be as early as the date of conviction. *Id.* at 518, fn. 5. A petition should be filed as soon as circumstances allow. *In re Stankewitz*, 220 Cal.Rptr. 382, 384, fn. 1, (Cal. 1985). Further refined, the standard is as follows:

> When a petitioner or counsel representing a petitioner actually is aware of information that is sufficient to state a prima facie claim for relief on habeas corpus, that claim should be presented to a court without substantial delay. When, on the other hand, a petitioner or counsel knows or should know only of triggering facts – i.e., facts sufficient to warrant further investigation, but insufficient to state a prima facie case for relief – the potential claim should be the subject of further investigation either to confirm or to discount the potential claim.
>
> * * *
>
> This does not mean, however, that a prospective petitioner or his counsel whose request for investigation funds has been denied and who lacks triggering information justifying investigation into any unperfected claim never should file a habeas corpus petition. If such a petitioner or counsel is, or should be, aware of some claims as to which a prima facie case *may* be stated, and there is no ongoing bona fide investigation into other potentially meritorious claims, a petition advancing the known claims must be presented promptly.

*Gallego*, 77 Cal.Rptr.2d at 138-39. But a petitioner may show good cause for substantial delay if he or she is "conducting a bona fide ongoing investigation based upon triggering facts" on

another claim or claims and withheld the completed claim to avoid piecemeal litigation. *Robbins*, 77 Cal.Rptr.2d at 335, fn. 28.  Thus, petitioner may delay unreasonably if he waits until the judgment on direct appeal is final before filing.[3] *See Clark*, 21 Cal.Rptr.2d at 530 (it never has been the rule in California that "the more prolonged the appellate process the greater the justification for delay in seeking habeas corpus relief.").

A petitioner must explain in detail and "justify any substantial delay in presenting a claim." *Clark*, 21 Cal.Rptr.2d at 530; *In re Swain*, 34 Cal.2d 300, 302 (Cal. 1949). To determine whether delay is justified, California courts must consider whether the facts on which the claim is based could and should have been discovered earlier through the use of due diligence. *Clark*, 21 Cal.Rptr.2d at 525 ("If a petitioner had reason to suspect that a basis for habeas corpus relief was available, but did nothing to promptly confirm those suspicions, that failure must be justified."). Where the factual basis for a claim was unknown to petitioner and he had no reason to believe the claim could be made, or where petitioner was unable to present the claim, a court will "consider the merits of the claim if asserted as promptly as reasonably possible." *Id.* at 525. A petitioner must affirmatively allege "when the information offered in support" of a delayed claim was obtained, *and* "that the information was neither known, nor reasonably should have been known, at any time earlier." *Gallego*, 77 Cal.Rptr.2d at 140; *see also*, *Stankewitz*, 220 Cal.Rptr at 384, fn. 1. (petitioner must allege "particular circumstances sufficient to justify substantial delay").

This court has found one case stating in detail what facts could justify substantial delay in filing a habeas petition. The petitioner in *In re Saunders*, 472 P.2d 921, 925 (Cal. 1970), filed his habeas application almost five years after judgment was entered. The court found that petitioner adequately explained the delay with the following facts: (1) petitioner proceeded

---

[3] It is not clear how this would play out in non-capital cases since appointed appellate counsel in such cases has no duty to investigate bases for collateral attack and retained appellate counsel must do so only if retained for this purpose. *Clark*, 21 Cal.Rptr.2d at 532, fn. 20.

without counsel and had only a ninth grade education and had no experience with the law; (2) he did not know until over a year and one half after judgment that during trial, counsel had received medical records to support a diminished capacity defense; (3) after petitioner learned counsel had these records, he did not have access to the complete records and he was unaware of the applicable law; (4) he did not learn of the defense of diminished capacity until over a year after obtaining the medical records; (5) once petitioner learned of the defense he "immediately thereafter assiduously sought the assistance of new counsel;" and (6) and the complete records were not acquired until early in 1970, when petitioner obtained the assistance of counsel. *Saunders*, 472 P.2d at 925-926.

However, if a court finds that a petitioner delayed unreasonably and without justification, it must next consider whether to proceed to the merits of the petition. It may reach the merits if the petitioner alleges facts "which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." *Clark*, 21 Cal.Rptr.2d at 540. Allegations of the following will satisfy this standard:

> (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the [] penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error omission no reasonable judge or jury would have imposed [the sentence]; (4) that the petitioner was convicted or sentenced under an invalid statute.

*Id.* at 541. With these standards in mind, the court turns to the facts of this case.

Petitioner filed his petition in the trial court with only five days left in the federal limitations period. He waited 115 days after the trial court denied relief before filing a petition in the appellate court. Petitioner relies heavily on two arguments. First, he claims that at the time he was pursuing habeas relief in the state courts, it was, as a matter of law under *Saffold*, "reasonable" to take up to four and one-half months between courts. Second, he argues that he was proceeding without counsel, and the prisoner helping him with the petition that was filed in

the trial court was not very experienced and took so much time to prepare it that petitioner was left with insufficient time to proceed to the appellate and state supreme courts. Petitioner's arguments fail.

The court in *Saffold* did not hold that the four and one-half month delay was reasonable. Rather, it remanded that question to be determined in the lower court. *Saffold*, at 226-27. Furthermore, petitioner does not allege any facts which, under the authority of *Saunders*, 472 P.2d at 925, would permit this court to conclude that the delay was reasonable. The fact of proceeding without counsel, without more, is insufficient. *Saunders* suggests that the fact of an inmate proceeding without counsel must be accompanied by circumstances outside his control which prevented him from filing despite his best efforts. The court has examined the petitions he filed in both the trial court and the appellate court, and has determined that they are nearly identical. Thus, there is no doubt that petitioner knew of the claims when the trial court denied relief. He did not add factual allegations which he could reasonably have discovered based on investigation following the trial court's denial, and he does not argue that ongoing investigation caused the delay. Moreover, he cannot avoid the consequences of that knowledge and his subsequent delay in acting on it by delegating his responsibility to act to a fellow inmate. The parties dispute the extent and significance of a delay in locating petitioner's legal materials after the prisoner helping petitioner was transferred. Petitioner asserts that the assistant stored the materials in the law library and it took time to locate them. This situation is not analogous to a lawyer refusing to return transcripts and the like to a client. A client has certain reasonable expectations of a licensed attorney and, generally, reasonably relies on that attorney client relationship in the course of the representation. While a fellow prisoner may have been assisting petitioner, he was representing himself. He therefore controlled his legal materials, and his poor choice in relinquishing so much control over them that they were temporarily lost by a fellow prisoner is not a fact which weighs in his favor under *Saunders*. For these reasons, the court finds that the 115 day interval constituted "substantial delay" under California law.

The next question is whether a California court could reach the merits based on the fundamental miscarriage of justice exception. Petitioner does not assert that the appellate court could have reached the merits despite the delay. Nonetheless, the court examines petitioner's claims to see whether he might be able to satisfy any of the exceptions specified in *Clark*. In the federal petition, petitioner asserts that at the time of trial, his attorney also represented prosecution witnesses, creating a conflict of interest amounting to a denial of counsel. He also seems to claim that enhancing his sentence based on a finding that he inflicted great bodily injury violates the double jeopardy clause of the Fifth Amendment because an element of the offense of which he was convicted is the infliction of minor or serious injury. The only portion of *Clark* that petitioner's Sixth Amendment claim could arguably satisfy is the "error or constitutional magnitude" exception. However, the trial court's reasoning makes clear that this exception is not satisfied here. That court found that petitioner's trial counsel, as a part of a probationary term for conviction of passing bad checks, was performing public service at the Lassen Family Services program around the time of trial. Two employees of that program testified for the prosecution at plaintiff's trial. The court determined that petitioner failed to demonstrate an actual conflict of interest. Petitioner has not submitted to this court any evidence showing these factual findings to be inaccurate. Without such evidence, there is no basis for finding an error of constitutional magnitude that affected the verdict. The court cannot on the record before it conclude that any *Clark* exception is satisfied with respect to this claim.

If petitioner's second claim could satisfy any of the *Clark* exceptions, it would be the fourth. To establish a double jeopardy violation, a petitioner must show that he was punished twice for the "same offense." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). If each offense contains an element not contained in the other, then they are not the same offense. *Blockburger*, 284 U.S. at 304. By extension, once a defendant has been convicted of an offense, he cannot thereafter be convicted of a lesser included offense. *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977). The crux of petitioner's argument is that he was convicted of the offense and

10

then punished based on finding he committed a lesser included offense. The argument fails.

Petitioner was convicted of corporal injury on a spouse, one element of which is proof of "injury resulting in a traumatic condition." Cal. Pen. Code § 295. This element is satisfied by proof of an internal or external wound, "whether of minor or serious nature." *People v. Gutierrez*, 171 Cal. App. 3d 944, 952 (Cal. App. 1985). His sentence was enhanced based on a finding that he inflicted "great bodily injury." *See* Cal. Pen. Code § 12022.7. Proof of a violation of § 295 requires evidence of injury within a broad range of severity, i.e., minor to serious. The enhancement statute, on the other hand, requires evidence of a serious injury. Since one statute may be satisfied with virtually any injury and the other only by serious injury, the injury elements are different. *See People v. Guzman*, 91 Cal.Rptr.2d 885, 887 (Cal. App. 2000) (section 12022.7 applies when serious bodily injury is not an element that must be established to prove the underlying crime). Given the distinction between the facts which must be proved to establish the injury requirements of the substantive offense and the enhancement, it cannot be said that plaintiff was twice punished for the same offense. *See Brown*, 432 U.S. at 166-67 (no double jeopardy violation where each offense requires proof of a fact that the other does not, notwithstanding overlap in the proof required). Therefore, he cannot show that the statute pursuant to which he was sentenced was invalid, or was applied to him in any way resulting in a fundamental error in his sentence. Again, he has not satisfied his burden of proof. Thus, the court finds that he has not satisfied the fundamental miscarriage of justice standard.

Based on these findings, the court must conclude that the habeas petition in the appellate court was untimely under state law. The inevitable conclusion, is that, as a matter of law, it was not "properly filed" for purposes of the federal statute of limitations. Therefore, petitioner cannot satisfy his burden of establishing that he is entitled to statutory tolling. Accordingly, the April 27, 2006, federal habeas petition was filed beyond the one-year limitation period. This action must be dismissed.

////

Accordingly, it is hereby RECOMMENDED that respondent's June 26, 2006, motion to dismiss be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE